## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID ERNST VOSS, | ) |
| Petitioner, | ) |
| v. | ) Case No. 08-1116 |
| J.C. ZUERCHER, Warden, | ) |
| Respondent. | ) |

## O R D E R

This matter is before the Court on Petitioner, David Ernst Voss' ("Voss"), Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. For the reasons stated herein, the Petition [#1] is DENIED.

### Factual and Procedural Background

On March 25, 2001, Voss was arrested in Anoka County, Minnesota, on the charge of aiding and abetting a drive-by shooting and third degree criminal sexual conduct. While in state custody, he committed the federal offense of retaliation against a federal witness in violation of 18 U.S.C. § 1513. On May 11, 2001, Voss was taken into federal custody pursuant to a Writ of Habeas Corpus Ad Prosequendum.

On January 10, 2002, Voss was sentenced to 60 months' imprisonment in the United States District Court for the District of Minnesota on his conviction for retaliation against a federal witness. Following his federal sentencing, he was returned to state custody and was sentenced on his state charges on March 14, 2002. The state court judge ordered that

Voss be given credit in the amount of 354 days, which represents the time he spent in custody from March 25, 2001, to March 13, 2002.

On November 2, 2004, Voss satisfied his state sentence and was taken into federal custody pursuant to a federal detainer. The Bureau of Prisons has calculated his sentence based on a 60-month term beginning on November 2, 2004, when he was taken into federal custody, with no credit for prior custody. Voss is currently incarcerated at the Federal Correctional Institution in Pekin, Illinois, with a projected release date of April 27, 2009.

Voss has now filed this Petition challenging the BOP's calculation of his sentence, and this Order follows.

## Discussion

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a defendant is challenging the fact or duration of his/her confinement. Preiser v. Rodriguez, 411 U.S. 475, 490, 93 S.Ct. 1827 (1973); Waletzki v. Keohane, 13 F.3d 1079, 1080 (7th Cir. 1994). The writ of habeas corpus may be granted where the defendant is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. 2241(c)(3). "Such relief is obtainable, however, only after a prisoner exhausts administrative remedies." Carnine v. United States, 974 F.2d 924, 927 (7th Cir. 1992).

Here, Voss argues that he is entitled to credit against his federal sentence for time he served in jail prior to being sentenced. He also asks the Court to order that his federal sentence was served concurrently with his state sentence and order the BOP to recalculate his 60-month sentence. For the reasons set forth below, the Court agrees with the Government that Voss' interpretation of his sentence calculation is incorrect.

First, Voss argues that his federal sentence should be served concurrently with his state court sentence. "Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584. Voss argues that the federal sentencing judge intended to impose a concurrent sentence because the Judgment and Committal Order states, "Defendant shall be given credit for time served." This argument is clearly without merit, as his state court sentence was not imposed until two months after he was sentenced in the District of Minnesota. As such, the district judge could not have ordered the sentence to be served concurrently with a sentence that did not yet exist. *See* Romandine v. United States, 206 F.3d 731, 737-38 (7th Cir. 2000).

Voss next argues that he has been improperly denied credit for time spent in custody prior to sentencing. Generally, a federal sentence commences on the date of sentencing. United States v. Wilson, 503 U.S. 329, 333 (1992). However, when a prisoner is in state custody at the time and is produced to federal court via a writ of habeas corpus ad prosequendum, the federal sentence does not automatically commence on the date of sentencing, but rather on the date that the defendant is received into custody awaiting transportation to the official detention facility at which the sentence is to be served. 18 U.S.C. § 3585(a); Thomas v. Whalen, 962 F.2d 358 (4th Cir. 1992); Flick v. Blevins, 887 F.2d 778, 782 (7th Cir. 1989). Accordingly, Voss' federal sentence did not begin to run until November 2, 2004, when he was released from his state sentence to the custody of the BOP pursuant to the detainer.

Under 18 U.S.C. § 3585(b), a federal prisoner may receive credit for time served in custody prior to sentencing that has not been credited against another sentence, and may

also be credited for time spent in non-federal presentence custody that began on or after the date of the federal offense up to the date that the first served sentence begins to run. *See* United States v. Ross, 219 F.3d 592, 594 (7th Cir. 2000) (finding that under § 3585(b), the Bureau is prohibited from giving credit for presentence custody when that credit has been applied against another sentence.)

Here, the record establishes that Voss received credit against his state sentence for all of the time spent with the U.S. Marshals pursuant to the writ of habeas corpus ad prosequendum. While he may have physically been in the custody of the U.S. Marshals during the time between his federal arraignment and sentencing, he clearly remained in the legal custody of the State of Minnesota and received proper credit for this time against his state sentence. *See* Flick, 887 F.2d at 781. As the credit sought by Voss represents time that was credited to his state sentence, the Bureau is prohibited from giving him any additional credit for this time under § 3585(b). He has therefore failed to demonstrate that he is entitled to the relief requested in his petition.

## Conclusion

For the foregoing reasons, Voss' § 2241 Petition [#1] is DENIED. This matter is now TERMINATED.

ENTERED this 31st day of October, 2008.

                                                  s/ Michael M. Mihm  
                                                  Michael M. Mihm  
                                                United States District Judge